**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| APRIL PRUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 16-4151-DDC |
| | ) |
| BIO-MEDICAL APPLICATIONS | ) |
| OF KANSAS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court upon Plaintiff's Motion and Memorandum for Leave to File a Second Amended Complaint (ECF No. 19). Defendants oppose the motion. For the reasons stated below, the motion is granted.

**I.    Background**

In her first complaint, April Prue asserts Bio-Medical Applications of Kansas, Inc. and Fresenius Medical Care Garden City, LLC discriminated against her and retaliated against her in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*.[1] Plaintiff later learned that Fresenius Medical Care was a real-estate holding company with no employees. She amended as a matter of right, omitting Fresenius Medical Care and naming additional defendants that she believed were employers under the ADA and were necessary to her case.[2] Those defendants include: Bio-Medical Applications Management Company, Inc., National Medical Care, Inc., Fresenius Medical Care Holdings, Inc., Fresenius Medical Care North American Holdings Limited Partnership, Fresenius Kidney Care DS Topeka, and Dialysis

---

[1] *See* Compl., ECF No. 1.

[2] *See* Am. Compl., ECF. No. 10.

Specialists of Topeka, Inc. In response to plaintiff's First Amended Complaint, Bio-Medical Applications of Kansas, Inc. answered, and the other named defendants moved to dismiss, arguing that they were not plaintiff's "employers" within the meaning of the ADA.[3] In response to the motion to dismiss, plaintiff has moved to amend to omit Defendants Bio-Medical Applications Management Company, National Medical Care, and Fresenius Kidney Care. Plaintiff asserts that the remaining defendants—Bio Medical Applications, Fresenius Medical Care Holdings, Fresenius Medical Care North America, and Dialysis Specialists of Topeka—would be liable under joint- and single-employer theories. Defendants oppose the motion, arguing that plaintiff has failed to plead sufficient facts to show these entities were plaintiff's employers under the ADA.

## II.     Discussion

When leave of the court is required to amend under Rule 15(a), the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[4] "The court should freely give leave when justice so requires."[5] In this case, defendants oppose the motion to amend on the ground of futility. As the party opposing amendment, defendants bear the burden of establishing its futility.[6]

---

[3] *See* Mem. in Supp. of Defs.' Mot. to Dismiss for Failure to State a Claim, ECF No. 15.

[4] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager*, *Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Mackley v. Telecom Holdings, Inc.*, 296 F.R.D. 655, 660 (D. Kan. 2014).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[7] Typically, the court analyzes the proposed pleading using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] The court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff."[10] A formulaic recitation of elements does not satisfy the plausibility standard.[11] Rather, plaintiff must offer sufficient factual allegations to support each claim[12] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] "While the 12(b)(6) standard does not require that [a plaintiff] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim."[14]

In this case, defendants attack only the element of whether plaintiff has properly pled that defendants are employers under the ADA. Plaintiff alleges that all of the defendants "are joint

---

[7] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[8] *Lane Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[9] *Burnett v. Mort. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[10] *Burnett*, 706 F.3d at 1235.

[11] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (Sept. 1, 2011) (citing *Twombly*, 550 U.S. at 555).

[12] *Id.*

[13] *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[14] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

employers and/or an integrated enterprise."[15]  The ADA applies to "covered entities," including those defined as employers under the ADA.[16]  When a plaintiff alleges that she has more than one employer, the court will apply the single-employer test or the joint-employer test to determine whether a defendant may be considered plaintiff's employer under the ADA.[17]

The single-employer test allows "a plaintiff who is the employee of one entity . . . to hold another entity liable by arguing that the two entities constitute a single employer."[18] Courts generally weigh four factors in evaluating whether codefendants constitute single employers: "(1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control."[19]  In contrast, under "the joint employer test, two entities are considered joint employers if they 'share or co-determine those matters governing the essential terms and conditions of employment.'"[20]  When evaluating whether codefendants are joint employers, courts generally consider the right to terminate, which the Tenth Circuit has stated is the most important factor.[21]  Other factors include "the ability to promulgate work rules and assignments, and set conditions of employment, including compensation benefits, and hours; . . . day-to-day supervision of employees, including employee

---

[15] Proposed Second Am. Compl. at ¶ 8, ECF No. 19-8.

[16] 42 U.S.C. § 1211(5)(A).

[17] *Bristol v. Bd. of Cty. Comm'rs of Cnty. Of Clear Creek*, 312 F.3d 1213, 1217-18 (10th Cir. 2002); *see also Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226-27 (10th Cir. 2014) (applying the same tests in a Title VII case).

[18] *Knitter*, 758 F.3d at 1226 (quoting *Bristol*, 312 F.3d at 1218).

[19] *Id.* (quoting *Bristol*, 312 F.3d at 1220).

[20] *Id.* (quoting *Bristol*, 312 F.3d at 1218).

[21] *Id.*

discipline; and . . . control of employee records, including payroll, insurance taxes and the like."[22]

Plaintiff alleges that she worked at several of defendants' facilities throughout Kansas and that each is her employer under the ADA.[23] She alleges that all defendants are joint employers and/or an integrated enterprise.[24] However, the factual allegations contained in the proposed pleading focus mostly on the joint-employer test. She alleges that Bio-Medical Applications of Kansas is a joint employer because it has conceded that it is, because it provides day-to-day supervision of employees, sets and enforces policy, controls employee records, and has the right to discipline employees and to terminate employment.[25] She alleges that Dialysis Specialists of Topeka is a joint employer because it had significant control over her employment, has the ability to enforce work rules, has day-to-day supervision of employees, has control over employee benefits and hours and records, and has the right to discipline employees and to terminate employment.[26] Plaintiff alleges Fresenius Medical Care North America Holdings is a joint employer because it has conceded that it is, because it controls employee records and payroll, determines benefits and conditions of employment, makes and enforces policy rules, and provides day-to-day employee supervision, including the right to discipline employees.[27] Finally, plaintiff contends Fresenius Medical Care Holdings is a joint employer because it enacts and

---

[22] *Id.* (internal quotations omitted) (quoting *Butterbaugh v. Chertoff*, 479 F. Supp. 2d 485, 491 (W.D. Pa. 2007)).

[23] Proposed Second Am. Compl. at ¶ 4, 9, ECF No. 19-4.

[24] *Id.* at ¶ 8.

[25] *Id.* at ¶ 12.

[26] *Id.* at ¶ 17.

[27] *Id.* at ¶ 20.

enforces work rules, provides day-to-day supervision of employees, including discipline, has control over employee compensation and benefits and hours, controls employee records, and has the right to terminate employment.[28]

Defendants argue that plaintiff's proposed second amended complaint is void of specific factual allegations supporting a joint- or single-employer theory of liability. Rather, defendant contend plaintiff's proposed factual allegations merely mirror the factors the court considers when determining whether codefendants may be considered joint employers. Magistrate Judge Gwynne E. Birzer recently addressed similar arguments in *Creech v. P.J. Wichita, LLC*.[29] In *Creech*, plaintiff sought to amend her complaint to assert Fair Labor Standards Act claims against additional defendants that she alleged constituted an integrated enterprise and/or acted as joint employers. Defendant opposed the motion on futility grounds, making similar arguments as to those asserted by defendants in this case. Judge Birzer allowed the amendment, reasoning that defendant's "contentions and authority seem to apply a heightened standard to the amended pleading."[30] She noted that defendant's cited authority concerned cases dismissed at the summary-judgment stage or later.[31] Indeed, this court has previously observed that these tests are more often considered at the summary-judgment stage rather than the pleadings stage.[32]

Plaintiff's factual allegations supporting her contention that defendants are joint employers give defendants fair notice. Although some of the allegations are relatively general

---

[28] *Id.* at ¶ 23.

[29] No. 16-2312-JAR-GEB, 2016 WL 4702376, at *5 (D. Kan. Sept. 8, 2016).

[30] *Id.* at *5.

[31] *Id.*

[32] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 512 (D. Kan. 2007) (noting that issues concerning whether a codefendant was an integrated entity or a joint employer were "issues best resolved on motion for summary judgment").

and mirror the factors the court would consider when applying the joint-employer test, the plausibility standard does not require plaintiff to articulate more, particularly at the amendments stage with no discovery having taken place.

In plaintiff's motion for leave to amend, she explains that she received documents provided by the Kansas Department of Labor that clarified and supported her allegation that the defendants named in her proposed second amended complaint shared significant control over the same employees and would constitute her employers under the ADA. Defendants contend these documents do not support this conclusion and reveal routine parent-subsidiary relationships. Defendants cite *GFF Corporation v. Associated Wholesale Grocers, Inc.*,[33] a 1997 Tenth Circuit opinion, in support of defendants' position that the court should evaluate the documents plaintiff cites in her motion to amend. *GFF Corporation* involved review of the district court's dismissal of a breach-of-contract claim pursuant to Rule 12(b)(6). The court found that the district court did not err by failing to convert the Rule 12(b)(6) motion into one for summary judgment even though the district court considered material outside of the pleadings. The court held that, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."[34]

In this case, plaintiff's proposed pleading does not refer to these documents, and they are not central to her claims. Plaintiff's motion to amend references these documents as an explanation regarding the timing of the motion to amend, and they serve as support that the amendments are taken in good faith—that she has obtained information leading her to conclude

---

[33] 130 F.3d 1381 (10th Cir. 1997).

[34] *Id.* at 1384.

that defendants constitute her employers under the ADA. With limited exceptions, the court generally does not consider documents other than the proposed pleading when ruling on a motion to amend.[35] Because defendants have not shown that plaintiff's proposed second amended complaint is futile, the court grants plaintiff's motion to amend.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion and Memorandum for Leave to File a Second Amended Complaint (ECF No. 19) is granted. Within five (5) business days from the date of this order, plaintiff shall file her Second Amended Complaint (ECF No. 19-6) as separate docket entry in this case.

**IT IS SO ORDERED.**

Dated March 27, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[35] *See United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *8 (D. Kan. Sept. 11, 2008) (declining to rule on the merits of a proposed amended complaint regarding a disputed issue of fact and stating that the court would not consider matters outside of the proposed amended complaint).